TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-08-00693-CV






Bruce Wayne Houser, Appellant


v.


Douglas Dretke, Director, Texas Department of Criminal Justice, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-05-004567, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 

O R D E R




 Appellant Bruce Wayne Houser seeks to appeal from a district court order dismissing
his lawsuit for want of prosecution. See Tex. R. Civ. P. 165a; Tex. R. Jud. Admin. 6. The order
dismissing Houser's appeal was signed and entered on August 28, 2008. The deadline for perfecting
appeal was therefore September 27, 2008. See Tex. R. App. P. 26.1 (requiring notice of appeal to
be filed with 30 days after judgment is signed). Because Houser did not file his notice of appeal with
this Court until November 12, 2008, (1) this Court found his appeal to be untimely and, therefore,
dismissed the appeal for want of jurisdiction. See Houser v. Dretke, No. 03-08-00693-CV, slip op. 
at 2 (Tex. App.--Austin Mar. 4, 2009), available at http://www.3rdcoa.courts.state.tx.us/opinions/
htmlopinion.asp?OpinionId=17841.

 On rehearing, Houser alleges that this Court should consider his notice of appeal
timely filed based on excusable delay caused by Hurricane Ike, which struck the Texas coast on
September 13, 2008. Houser contends that he did not receive the district court's order of dismissal
until September 22, 2008, (2) and therefore his motion for reinstatement, filed in the district court on
October 10, 2008, was timely under Texas Rule of Civil Procedure 165a because it was filed within
30 days after Houser received the district court's order. As a result of his timely motion for
reinstatement, Houser contends that this Court should also consider his notice of appeal, filed on
November 12, 2008, to be timely because it was filed within 90 days after he received the district
court's order of dismissal. Cf. Tex. R. App. P. 26.1(a)(3) (extending deadline for filing notice of
appeal to 90 days if any party timely files a motion for reinstatement under Tex. R. Civ. P. 165a).

 This Court requested appellee to file a response to Houser's motion for rehearing and
provide certified copies of the prison mailing records to address Houser's allegations in his motion
for rehearing. Appellee did not provide this Court with certified copies of the prison mailing
records. After restating the facts and operative rules of procedure, appellee conceded in section IV
of his response "that the Court may find that the delay[s] in [Houser]'s timely filings were a result
of excusable delay."

 Based on appellee's concession, we withdraw our previous opinion and judgment,
grant Houser's motion for rehearing, and reinstate the appeal.

 It is so ordered May 12, 2009.


 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

1. Houser did not purport to file a restricted appeal, and his notice of appeal did not comport
with Tex. R. Civ. P. 25.1(d)(7).
2. Houser is incarcerated at the Stiles Unit of the Texas Department of Criminal Justice,
Institutional Division. Appellee has not provided the Court with copies of the mailing records from
the Stiles Unit, but appellee accepts Houser's allegation that he did not receive the district court's
order of dismissal until September 22, 2008, as true for the purposes of Houser's motion for
rehearing.